Howard L. GIFFORD,
Plaintiff-Appellant,

v.

Margaret M. HECKLER, Secretary of Health and Human Services,
Defendant-Appellee.

No. 83–2358.

United States Court of Appeals,
Ninth Circuit.

Submitted May 18, 1984.

Decided Aug. 23, 1984.

---

Howard L. Gifford, in pro per.

J. Paul McGrath, Asst. Atty. Gen., Donald B. Ayer, U.S. Atty., Gregory G. Hollows, Asst. U.S. Atty., Sacramento, Cal., Dennis J. Mulshine, San Francisco, Cal., for defendant-appellee.

* The Honorable Paul G. Hatfield, United States District Judge for the District of Montana, sitting by designation.

Before ANDERSON and SKOPIL, Circuit Judges, and HATFIELD,* District Judge.

SKOPIL, Circuit Judge:

Gifford appeals the district court's denial of sanctions and contempt charges against the Secretary of Health and Human Services ("Secretary"). Gifford contends that the Secretary failed to comply with the court's order directing her to recompute supplemental security income (SSI) benefits allegedly owed to Gifford. We hold that the court did not abuse its discretion in denying the motions. The court properly upheld the Secretary's computation of benefits. We affirm.

## FACTS AND PROCEEDINGS BELOW

Gifford filed this action in November 1977 to obtain judicial review of the Secretary's decision denying him certain benefits. The district court determined that Gifford had been denied procedural rights in the administrative determination. The court remanded for additional proceedings. On rehearing, an ALJ determined that frequent errors were made in the computation of Gifford's past checks. An adjustment was made for the previous underpayment. The Appeals Council, however, recomputed the amount. On judicial review, the Secretary conceded that the Appeals Council's calculations were incorrect and sought to correct the error by submitting to Gifford a check for $17.90. Gifford "steadfastly" demanded his "procedural rights", contending that "never have they two times in a row given the same answer or figures." Gifford's main complaint was that California had decreased its mandatory benefits by an amount equal to the federal government's increase in social security and Vet-

eran's pension benefits, thus nullifying his federal cost-of-living increases.

A Magistrate recommended that the Secretary be ordered to recompute the amounts due plaintiff, including passing along to him federal SSI cost-of-living increases since June 1977. The district court through Judge Wilkins adopted the Magistrate's findings and ordered the Secretary to (1) provide to plaintiff evidence of the amounts previously paid him; and (2) recompute the amounts due plaintiff, "including the pass-through of federal SSI cost-of-living increases since June, 1977 ...."

The Secretary promptly appealed the district court's order. Gifford cross-appealed contending that the court should have ordered retroactive payment from the date of actual conversion from the state program to SSI. On appeal, the Secretary requested voluntary dismissal and Gifford agreed to dismiss his cross-appeal. The appeal was thereupon dismissed.

Gifford filed a "motion for sanctions" when the Secretary allegedly failed to submit documentation or prepare the recomputations within 30 days of the dismissed appeal. He also filed a "motion to show cause why defendant should not be cited for contempt" and a motion of "bias and prejudice" against Judge Wilkins. Judge Wilkins denied these motions. Gifford moved for reconsideration and again requested that Judge Wilkins remove himself from the case. In response, Judge Wilkins determined that plaintiff's new allegations were sufficient to compel recusal. Judge Ramirez was assigned the case.

Plaintiff's motions for reconsideration were renewed. Judge Ramirez determined that since Judge Wilkins recused himself, the court's prior order was "without force or effect". Judge Ramirez then denied plaintiff's motion for sanctions on the timeliness issue. With respect to the sufficiency of the Secretary's performance in recomputing the monies owing, however, Judge Ramirez referred the matter to a Magistrate for the limited question of whether the Secretary had complied with the court's prior order.

Before the Magistrate, Gifford argued that the Secretary wrongly recomputed his benefits because the Secretary failed to include cost-of-living increases provided by California law. The Secretary argued that Gifford was not entitled to any cost-of-living increases under state law. She contended that California opted to satisfy the federal SSI cost-of-living increases provision, 42 U.S.C. § 1382g (1976), by maintaining its total expenditures for supplementary payments at the previous year's totals, pursuant to 20 C.F.R. § 416.2096(c) (1981). Thus, the provisions requiring that state increases be added to a recipient's minimum income level in computing mandatory minimum supplementary payment levels, 20 C.F.R. § 416.2096(b) (1981), are not applicable to California recipients.

After additional briefing, the Magistrate concluded "with some discomfort" that the regulations do not require California to pay any of the state increases to the plaintiff. Accordingly, the Magistrate found that the Secretary complied with the prior order and recommended that the court deny plaintiff's motions for sanctions and contempt. The court adopted the Magistrate's recommendation, judgment was entered and Gifford appealed.

## DISCUSSION

A. Motions to Deny Sanctions and Contempt

■■■■ The Secretary contends that the only issue presented on appeal is whether the district court abused its discretion in denying Gifford's motions for sanctions and contempt charges. Assuming the Secretary is correct, our review is quite limited. A district court has the power to adjudge in civil contempt any person who willfully disobeys a specific and definite order of the court. *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1146 (9th Cir.1983). A person fails to act as ordered by a court when "he fails to take 'all the reasonable steps within [his] power to insure compliance with the [court's] order.'" *Id.* at 1146–47, *quoting Sekaquaptewa v. MacDo-*

*nald,* 544 F.2d 396, 406 (9th Cir.1976), *cert. denied,* 430 U.S. 931, 97 S.Ct. 1550, 51 L.Ed.2d 774 (1977). A court has wide latitude in determining whether there has been contemptuous defiance of its order. *Neebars, Inc. v. Long Bar Grinding, Inc.,* 438 F.2d 47, 48 (9th Cir.1971). The lower court's decision to impose sanctions or punishment for contempt is reviewed for abuse of discretion. *E.g., L.A. Mem. Coliseum Commission v. City of Oakland,* 717 F.2d 470, 473 (9th Cir.1983) (sanction for violation of local rules); *Miller v. Transamerican Press, Inc.,* 709 F.2d 524, 532 (9th Cir.1983) (sanctions for discovery violations); *Vertex Distributing v. Falcon Foam Plastics, Inc.,* 689 F.2d 885, 889 (9th Cir.1982) (civil contempt for failure to comply with consent order).

■ Here, the district court ordered the Secretary to recompute Gifford's entitlement, including any federal cost-of-living increases. The Secretary's response was timely. When plaintiff questioned the sufficiency of the Secretary's performance in recomputing the amount owing, the district court twice referred the matter to a Magistrate. The Magistrate found that the Secretary had complied with the court's order. The court adopted the Magistrate's findings. The process of checking compliance with the original order took approximately 2½ years. Under these circumstances, the court did not abuse its discretion in determining that the Secretary would not be subject to sanctions or charged with civil contempt for a failure to comply with the court's order.

## B. Cost-of-Living Increases

Gifford argues that the issue presented on appeal is whether he is entitled to state cost-of-living increases. The Secretary has always maintained that the inclusion of state increases was never a part of the court's order. That order directed the Secretary to "recompute the amounts due plaintiff, including the pass-through of federal SSI cost-of-living increases ...." The order does not mention calculation of state cost-of-living increases. The Secretary's position was repeatedly rejected, however, by both the Magistrate and the district court. The remand order was intended to require the Secretary to compute all amounts owing under all relevant legislation. At the time of the first appeal, of course, Gifford could not have known that the Secretary might fail to do so. Accordingly, this is the first opportunity for Gifford to challenge on appeal the correctness of the Secretary's position that Gifford is not entitled to the state cost-of-living increases.

### 1. Statutory Background

■ At issue is the interpretation of 42 U.S.C. § 1382g and its implementing regulations. Our review is *de novo. United States v. Wilson,* 720 F.2d 608, 609 n. 2 (9th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1304, 79 L.Ed.2d 703 (1984).

Cash assistance programs for the needy were federalized in 1972 with the establishment of the SSI program. The federal government assumed responsibility for the administration and cost of the program and set uniform eligibility and benefit levels. *Oklahoma v. Schweiker,* 655 F.2d 401, 404 (D.C.Cir.1981). This uniform payment system established benefits that in some cases were less than recipients received under their superseded state-administered program. To ensure that no one received less than before, Congress provided that in such instances, the state would be required to make supplementary payments. *Id.*

Since 1974 federal SSI benefits have been geared to changes in the cost-of-living. 42 U.S.C. § 1382f (1976). Those increases in the federal portion of SSI were met, however, with a simultaneous reduction in the level of the state supplementary payments. Thus, some SSI recipients have been denied the benefit of federal SSI cost-of-living rises. These increases have instead provided fiscal relief to states. *Oklahoma,* 655 F.2d at 404.

To prevent this result, Congress enacted the pass-through provisions of section 1382g requiring states to pass through to SSI recipients the full amount of any feder-

al cost-of-living increases. A state that is required to make supplementary payments must maintain those payments at a level no lower than that in effect at the end of 1976. 42 U.S.C. § 1382g(a). A state is not required, however, to increase its level of supplementary benefits to keep pace with inflation, but need only maintain its 1976 payment level. *Ciampa v. Secretary of Health and Human Services,* 687 F.2d 518, 521 (1st Cir.1982); *Oklahoma,* 655 F.2d at 404.

### 2. Analysis

■ Gifford argues that 20 C.F.R. § 416.2097(b) mandates pass through of state cost-of-living increases. That regulation, however, merely defines the mandatory minimum supplementary payment level to include any state increases made *before* 1977. The definition is applicable only to measure a state's compliance with section 416.2096(b)(1) which provides that a state must maintain its payment level for a particular month to the level paid in December 1976. A state may also meet the pass-through requirement, however, by demonstrating that its total expenditures for supplementary payments for a 12 month period is at least equal to the total state expenditures for supplementary payments in the 12-month period before the federal cost-of-living increase. 20 C.F.R. § 416.2096(c); *see also* 42 U.S.C. § 1382g(b) (state is in compliance for any particular month if expenditures for a 12 month period beginning on the effective date of any federal increases are not less than expenditures for the preceding twelve month period). The Secretary contends that California has always sought to comply under section 416.2096(c) and not under subsection (b). Accordingly, the state is not obligated to maintain the supplementary payments at a certain level based on individual accounts but must only assure that its total yearly expenditure is not decreased. *Reichenthal v. Harris,* 492 F.Supp. 637, 640 (E.D.N.Y.1980). Additionally, California apparently has never granted a cost-of-living increase in its mandatory SSI payments. While such increases have been made in the state's optional program, Gifford has not been eligible because of the level of his disability and veteran's benefits.

### CONCLUSION

The district court did not abuse its discretion in refusing to issue sanctions or hold the Secretary in contempt. The court correctly determined that Gifford is not entitled to any state cost-of-living increases.

AFFIRMED.