28 F.3d 110
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
and
Sonya Fryer; Thelma Jackson; Plaintiff-Intervenor,
v.
STATE OF OREGON; Barbara Roberts; Governor of Oregon;
OREGON Department of Human Resources, et al.,
Defendants-Appellees,
Oregonian Publishing Company, an Oregon corporation,
Third-Party Intervenor.
 No. 91-36321.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 31, 1993.
Decided June 23, 1994.
 
 1
 Before: BROWNING, SCHROEDER, and HALL, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 The United States appeals the denial of its motion to hold the State of Oregon in contempt for violating a 1989 consent decree and a 1990 order. Appellant contends the district court erred (1) by applying the wrong standard in assessing whether the State was in compliance with the Consent Decree; (2) by applying the wrong standard in determining whether the State had established an affirmative defense; and (3) by not according a presumption of correctness to Advisory Panel findings. (Brief for the United States as Appellant 19-20.)
 
 I.
 
 4
 It was reasonable for the court to interpret the consent decree and the 1990 order as implementing the "substantial departure from accepted professional judgment, practice, or standards" test announced in Youngberg v. Romeo, 457 U.S. 307, 323 (1982), and as adopting that standard as the measure by which compliance was to be judged. See Consent Decree Part IIB, ER 13-14; Part V, ER 20; Part VII, ER 28 ("[t]he plan shall be enforceable against the State to the fullest extent necessary to satisfy constitutional standards"); Part VIIIC, ER 31; Part IX, ER 32; 1990 Order at 2, ER 75 ("This order should not be construed as a modification of the Consent Decree.").
 
 
 5
 It was also reasonable for the court to interpret the decree as providing for adoption of a process for improvement and a procedure for monitoring that improvement rather than as mandating specific, quantitative results. In light of this interpretation, the court properly concluded it should not apply the standards for measuring compliance adopted in cases involving decrees that mandate specific results, but instead should inquire "whether defendants have followed the process as set forth in the Consent Decree and whether they have progressed as required by the Decree." United States v. State of Oregon, 782 F.Supp. 502, 507 (D.Or.1991).
 
 II.
 
 6
 The court recited the reasons advanced by the State in support of its contention that compliance with the deadlines for implementing training programs recited in the 1990 order "was impossible given the complexity of the tasks," 782 F.Supp. at 512, and concluded that the "defendants have taken all reasonable steps to comply with the goal of protecting residents from harm," id. at 514, echoing the rule long recognized in this circuit that the burden resting upon parties subject to a court order is to take "all the reasonable steps within their power to insure compliance." Sekaquaptewa v. MacDonald, 544 F.2d 396, 406 (9th Cir.1976). See also Balla v. Idaho State Bd. of Corrections, 869 F.2d 461, 466 (9th Cir.1989); Stone v. City and County of San Francisco, 968 F.2d 850, 856 (9th Cir.1992).
 
 
 7
 Alternatively, the court acted well within its discretion in deciding not to impose sanctions, see Gifford v. Heckler, 741 F.2d 263, 265-66 (9th Cir.1984), in view of the State's "extraordinary efforts" to comply, the substantial reasons given by the State for its inability to comply, and the fact that the training programs were implemented soon after the dates fixed and long before the United States filed for contempt.
 
 III.
 
 8
 We reject the argument that the district court failed to accord a presumption of correctness to findings of the Advisory Panel. The court described events leading to the findings, 782 F.Supp. at 506-07, acknowledged the findings were presumed to be correct, id. at 508, and fully discussed the Panel's findings and the State's response, id. at 509-13. The court's conclusions tracked the Panel's findings, see id. at 515, and its opinion adequately reflected the court's reasons for disagreeing with the Panel's ultimate determination that the State's practices and procedures were constitutionally deficient. We are satisfied that the court accorded the Advisory Panel's findings the deference due them under the decree.
 
 IV.
 
 9
 While deferring to the district court's exercise of discretion and affirming its judgment, we emphasize that the court's decision did not in any way diminish the full range of obligations imposed upon the State by the decree, and that the court's administration of the decree in the past as well as its present opinion reflect a determination to assure that the purposes of the decree are fully realized by whatever means may be appropriate, including the enforcement of time schedules and, if necessary, the imposition of contempt sanctions.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3. The parties are familiar with the facts and issues; we will not restate them here