UNITED STATES of America, Plaintiff,

v.

STATE OF HAWAI'I, et al., Defendants.

Civ. No. 91–00137 DAE.

United States District Court,
D. Hawai'i.

Jan. 10, 1995.

Daniel A. Bent, Michael Chun, U.S. Attys. Office, Honolulu, HI, Robinsue Frohboese, U.S. Dept. of Justice, Civ. Rights Div., Washington, DC, for plaintiff.

Blair A. Goto, Robert A. Marks, Office of the Atty. Gen., State of Haw., Honolulu, HI, for defendants.

*ORDER HOLDING DEFENDANTS
IN CONTEMPT*

DAVID ALAN EZRA, District Judge.

The court heard Plaintiff's petition on January 10, 1995. United States Attorney Steven S. Alm, Esq., and Department of Justice Attorneys Verlin Hughes, Esq., and Robinsue Frohboese, Esq., appeared on behalf of Plaintiff; Sonia Faust, Esq., and Heidi Rian, Esq., Deputy Attorney Generals, State of Hawaii, appeared on behalf of Defendants. After reviewing the petition and the supporting and opposing memoranda, receiving evidence, and hearing argument from counsel, the court GRANTS Plaintiff's Petition and Hereby Holds the Defendants in Contempt of this court's September 19, 1991 Order.

## BACKGROUND

Plaintiff United States of America initiated this action on March 7, 1991, pursuant to the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997 *et seq.* The Complaint alleged that conditions at Hawaii State Hospital ("HSH") deprived patients of their constitutional rights and sought injunctive relief against the State of Hawaii to correct the deficiencies. A Settlement Agreement was signed as an order of this court on September 19, 1991 ("1991 Order"). *See* Exhibit 1 to Plaintiff's Petition.

Plaintiff has monitored compliance with the 1991 Order through Defendants' required monthly and quarterly reports and four tours of HSH by Plaintiff and its expert consultants. These tours occurred in April 1992, January 1993, March 1994, and, most recently, November 1994. Two of the experts, Dr. Jeffrey Geller, a psychiatrist, and Miriam Kile, a psychiatric nurse, have collectively spent over 300 hours during the course of 40 days to observe conditions at HSH, review patient records and other documents, and interview staff and patients. Plaintiff attaches the exhaustive declarations of Dr. Geller and Ms. Kile as Exhibits 2 and 3, respectively.[1]

According to Plaintiff, the experts and other agents of the United States have repeatedly communicated to Defendants that they have never fully complied with the 1991 Order. Plaintiff's agents have met with Defendants on numerous occasions and have engaged in many discussions aimed at correcting violations of the 1991 Order.

Plaintiff alleges the failure of two key requirements of the 1991 Order which in turn result in the failure to satisfy other critical requirements. First, Plaintiff alleges that Defendants have failed to adequately staff the hospital with, among others, nurses and therapists. Second, Plaintiff alleges that Defendants have failed to implement an effective organizational structure at HSH. Plaintiff contends that these failures result in a lack of protection from harm, seclusion, and undue restraint, as well as inadequate treatment.

On December 14, 1994, Plaintiff filed the instant Petition for an Order to Show Cause Why Defendants Should not be Held in Contempt. On January 3, 1995, this court denied Defendants' request for a continuance of the evidentiary hearing because of the grave nature of the issues presented by the petition. In its petition, Plaintiff seeks a finding of contempt against Defendants. Plaintiff also seeks relief that includes: a moratorium on further non-emergency admissions, full staffing within four months, procedures for monitoring abuse and the use of seclusion and restraint, the appointment of an external monitor, and a protective order for all HSH employees who have assisted or may later assist Plaintiff.

Aside from one or two specific case histories, Defendants do not dispute the facts alleged by Plaintiff. They admit that they have not complied with nurse staffing and other requirements. They state, however, that the picture painted by Plaintiff is "the product of selective vision." Defendants' Response at 3. "It fails to give this court a full understanding of the situation at the hospital and the tremendous efforts that have been made there." *Id.* Defendants state that they have provided full information to Plaintiff.

■ Defendants also contend that the Plaintiff has not "confer[ed] with Hawaii officials in a good faith effort to attempt to resolve any alleged deficiencies ..." as required by the 1991 Order because it has not waited to confer with the new administration. However, this court's 1991 Order bound the State of Hawaii, not an individual administration. The Defendants cannot escape a contempt order by alleging that the Plaintiff failed to confer with the new administration, particularly when the Defendants' noncompliance is so longstanding.

The Defendants summarize their current efforts:

> Efforts to control the census are in place, though under constraints imposed by the lack of alternative placements and the re-

---

1. Prior to the hearing on January 10, 1995, the parties entered into a stipulation admitting into evidence the affidavits and declarations submitted by both sides and waiving cross-examination.

quirements of the criminal justice system. Salaries *are being raised* to competitive levels and screening and recruitment processes *will soon be implemented.* Thirty uniformed security guards *will be on the wards beginning February 1995* to deter violence and patent abuse. Increased monitoring of existing policies on seclusion and restraint *has been ordered.* The clinical director's position has been filled and an offer for the position of hospital superintendent is outstanding. Management policies which will resolve supervision issues *are close to completion and should be in effect by the end of January.* Finally, Dr. Miike *will request* that Governor Cayetano appoint a compliance officer to work in the office of the governor who will coordinate and facilitate the compliance process.

*Id.* at 4–5 (emphasis added). It is significant that most of these efforts seem to have begun only recently, presumably as a result of this petition.

The Defendants also describe the obstacles they have faced in complying with the 1991 Order. These include the discovery of architectural safety hazards in the new patient care buildings which necessitated extensive repairs;[2] the finding of asbestos in a building where the forensic units are housed; the rapid turnover among top administrative staff;[3] and the difficulties in filling nursing positions in competition with the increasing salaries offered by the private sector.

The Defendants list the following accomplishments: The hospital budget has nearly doubled since the year before the agreement was signed, from $13.2 million in 1989–90 to $26.3 million for the current fiscal year. Many nursing positions have been added since 1991. Collaboration with the University of Hawaii Schools of Medicine, Nursing, Social Work and Psychology have increased the number of highly qualified physicians and others. Defendants cite to the praise for these efforts by the Plaintiff's experts, who noted in a letter to Plaintiff's counsel:

> tremendous strides during the past few years. Remarkable achievements have been made by the disciplines of psychiatry and nursing. The quality management office has become state of the art.

Exhibit A to Defendants' Response, at 15. Defendants contend that these past efforts and their current efforts preclude a finding of contempt.

## STANDARD OF REVIEW FOR CONTEMPT ORDERS

A federal court has inherent power to enforce its orders by way of civil contempt. *Spallone v. United States,* 493 U.S. 265, 276, 110 S.Ct. 625, 632, 107 L.Ed.2d 644 (1990). The district court has "wide latitude" in determining whether there has been contemptuous violation of one of its orders. *Stone v. City and County of San Francisco,* 968 F.2d 850, 856 (9th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1050, 122 L.Ed.2d 358 (1993) (citing *Gifford v. Heckler,* 741 F.2d 263, 266 (9th Cir.1984)). Contempt orders are reviewed for abuse of discretion. *Id.* The Ninth Circuit's test with regard to contempt has long been whether the defendants have taken "all reasonable steps within their power to insure compliance" with the court's orders. *Sekaquaptewa v. MacDonald,* 544 F.2d 396, 404 (9th Cir.1976), *cert. denied,* 430 U.S. 931, 97 S.Ct. 1550, 51 L.Ed.2d 774 (1977); *see also General Signal Corp. v. Donallco, Inc.,* 787 F.2d 1376, 1379 (9th Cir.1986).[4] In *Stone,* the district court considered two factors in determining that the defendant had not taken every reasonable step: (1) the City's history of noncompli-

---

**2.** "The design faults in the new buildings included many life safety hazards and an irregular architectural design that prevented visual contact with patients in various areas of the wards." *Id.* at 8. "The executive staff of the hospital became increasingly involved in overseeing changes to the new facility and asbestos removal." *Id.*

**3.** Since September 1991 four individuals have held the position of permanent or acting hospital administrator.

**4.** The *Sekaquaptewa* court held that the defendants had failed to take "every reasonable step" to comply because there was "little conscientious effort on the part of the appellants to comply with those orders...." 544 F.2d at 406. More recent cases have held that "technical or inadvertent violations ... will not support a finding of civil contempt." *General Signal Corp.,* 787 F.2d at 1379.

ance with inmate population levels; and, (2) the failure to comply despite the pendency of the contempt motion. 968 F.2d at 857.

■ The party moving for the contempt order has the burden of showing by clear and convincing evidence that the defendants violated a specific and definite order of the court. *Stone,* 968 F.2d at 856 (citing *Balla v. Idaho St. Bd. of Corrections,* 869 F.2d 461, 466 (9th Cir.1989)). The burden then shifts to the defendants to demonstrate why they were unable to comply after taking every reasonable step. *Id.* (citing *Donovan v. Mazzola (Donovan II* ), 716 F.2d 1226, 1240 (9th Cir.1983), *cert. denied,* 464 U.S. 1040, 104 S.Ct. 704, 79 L.Ed.2d 169 (1984)).

■ Intent is irrelevant to a finding of civil contempt and, therefore, good faith is not a defense.[5] *Id.* at 856–57 (citing *McComb v. Jacksonville Paper Co.,* 336 U.S. 187, 191, 69 S.Ct. 497, 499, 93 L.Ed. 599 (1949); *Donovan I,* 716 F.2d at 1240.

Concerning obstacles encountered by defendants, federal courts have repeatedly held that financial constraints do not allow states to deprive persons of their constitutional rights. *Id.* at 858 (citation omitted); *Lareau v. Manson,* 651 F.2d 96, 104 (2d Cir.1981); *Smith v. Sullivan,* 611 F.2d 1039, 1043–44 (5th Cir.1980); *Battle v. Anderson,* 564 F.2d 388, 396 (10th Cir.1977); *Jackson v. Bishop,* 404 F.2d 571, 580 (8th Cir.1968)).

## DISCUSSION

### I. Violation of a Specific and Definite Order of this Court

■ Plaintiff has demonstrated by clear and convincing evidence the violation of this court's specific and definite order.[6] Defen-

dants admit that they have not complied with the order in numerous respects.

Specifically, the court finds that the Defendants have failed to:

(1) comply with minimum nursing staff requirements; [7]

(2) comply with required ratios for rehabilitation staff; [8]

(3) provide mandated treatment programs; [9]

(4) establish a sufficient organizational and management structure in order to curb neglect and implement clinical decisions; [10] and

(5) take adequate action to investigate and curb harm, abuse and undue use of seclusion and restraint.

As a direct result of these failures, patients at HSH have been subjected to conditions that violate the minimum guarantees of the United States Constitution.

### II. All Reasonable Steps

Because Plaintiff has shown that Defendants violated the order, Defendants must show that they have taken all reasonable steps to comply. The court notes above the obstacles that Defendants describe. However, the recent flurry of activity on all fronts after more than three years of slower progress demonstrates to the court that Defendants could have done substantially more. While Defendants do not list financial burdens as cause of the obstacles they describe, there is no question that many of the problems described by Plaintiffs, such as staff shortages, could have been solved with more funding. Financial burdens are no excuse.

Further, the fact that Defendants are only now seeking to simplify the state hiring process demonstrates to this court a previous

---

5. In *Stone,* the Ninth Circuit noted that recent Supreme Court cases concerning the deliberate indifference tests and the modification of consent decrees do not change this standard. *Id.* (distinguishing *Wilson v. Seiter,* 501 U.S. 294, 301–03, 111 S.Ct. 2321, 2326–27, 115 L.Ed.2d 271 (1991) (holding that plaintiffs must show prison officials showed "deliberate indifference") and *Rufo v. Inmates of Suffolk County Jail,* 502 U.S. 367, 379, 112 S.Ct. 748, 758, 116 L.Ed.2d 867 (1992) (treating modification of consent decrees)).

6. Indeed, as this court indicated at the hearing, the evidence has convinced the court beyond a reasonable doubt that the State has violated the 1991 Order.

7. 1991 Order, Part II, ¶ C.2.e.

8. *Id.,* at Part II, ¶ 2.d.

9. *Id.,* at Part II, ¶ E.1.

10. *Id.,* at Part II, ¶ J (implementation required by September 1991).

216

unwillingness to take this step. The recent design of organizational procedures and implementation of procedures to counteract abuse is also evidence that these previously available routes were not taken.

█ In the past, then, Defendants have not taken all reasonable steps. While contempt orders are not punitive but remedial, *NLRB v. Trailways, Inc.*, 729 F.2d 1013, 1023 (5th Cir.1984), a finding of contempt must, of course, be based upon an examination of past behavior as well as present intentions. Moreover, while the court has no wish to penalize Defendants for recent efforts, neither can the court simply ignore their contrast with more than three years of less than satisfactory progress. The "new and improved" conduct and plans offered by Defendants are laudable, but they are also evidence of previous reasonable steps that should have been taken. Therefore, the court finds that the Defendants have not taken all reasonable steps to meet the requirements of this court's order.

Because the Defendants have been for some time and are currently in violation of this court's specific and definite 1991 Order, and because Defendants have failed to demonstrate that they have taken all reasonable steps to comply, this court hereby finds Defendants in contempt of the order. The court will address appropriate remedial steps after a separate hearing on the matter. However, the court will at this time grant Plaintiff's request for a protective order enjoining any retaliation against any person providing information or assistance to Plaintiff in the prosecution of this matter.

*CONCLUSION*

For the reasons stated above, the court FINDS Defendants in CONTEMPT of its 1991 Order. In addition, the court HEREBY ENJOINS any current, former, or future HSH or State employee from retaliating in any way against any person who has assisted or assists Plaintiff by reporting deficient conditions at Hawaii State Hospital.

IT IS SO ORDERED.