**George EBERT, on behalf of himself and persons similarly situated,**
**Plaintiff–Appellant,**

v.

**Robin ARNOLD–WILLIAMS,\***
**Secretary for DSHS,**
**Defendant–Appellee.**

No. 03–35956.

D.C. No. CV–03–05027–JKA.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 6, 2005.

Decided May 17, 2005.

Gerald McIntyre, National Senior Citizens Law Center, Los Angeles, CA, Wil-

---

\* Robin Arnold–Williams is substituted for her precedessor, Dennis Braddock, as Secretary for DSHS. Fed. R.App. P. 43(c)(2).

**384**

liam Joel Rutzick, Schroeter Goldmark & Bender, Seattle, WA, Robert Mahnke, David A. Thomas, Heller Ehrman LLP, San Francisco, CA, Edward Vincent King, Jr., National Senior Citizens Law Center, Washington, DC, for Plaintiff–Appellant.

William L. Williams, Leslie Ann Birnbaum, AGWA–Office of the Washington Attorney General, Olympia, WA, for Defendant–Appellee.

Before CANBY, TALLMAN, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

George Ebert represents a class of Supplemental Security Income ("SSI") recipients who bring this action to challenge the program of the State of Washington for distribution of State Supplementary Payments ("SSP"), which supplement payments received by certain SSI recipients.[1] Ebert contends that Washington's program fails to comply with federal laws and regulations governing the SSI program. He asserts that members of his class will benefit from SSP payments if the present Washington program is held invalid. Ebert seeks declaratory and injunctive relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Civil Rights Act, 42 U.S.C. § 1983, against Robin Arnold–Williams, the state official charged with implementation of Washington's program.

The district court granted summary judgment to the State of Washington on the ground that Ebert lacked standing under 42 U.S.C. § 1983 or the Supremacy Clause. On appeal, Ebert abandons his section 1983 claim and argues only that he has standing to bring a federal preemption claim under the Supremacy Clause and asks us to consider the merits of that claim. We affirm the district court's dismissal of this claim because Ebert lacks standing.[2]

Even if we assume, without deciding, that the State of Washington is the proper defendant for this cause of action despite the approval of its program by the federal Social Security Administration, Ebert cannot demonstrate "that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (internal quotation omitted). The State can allocate the SSP as it chooses because, when a state administers its own supplementary payments (as Washington chose to do in 2002 and thereafter), satisfaction of the Maintenance of Effort requirement is based on the state's *aggregate* contribution and not on payments to *individual* accounts. *See* 20 C.F.R. § 416.2005(c) ("If the State chooses to administer such payments itself, it may establish its own criteria for determining eligibility requirements as well as the amounts."); *Gifford v. Heckler*, 741 F.2d 263, 267 (9th Cir.1984) ("[T]he state is not obligated to maintain the supplementary payments at a certain level based on individual accounts but must only assure that its total yearly ex-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. The facts of this case are familiar to the parties and need not be recited here.

2. We review de novo whether a party has standing to bring a cause of action. *See Buono v. Norton*, 371 F.3d 543, 546 (9th Cir. 2004). We can affirm a district court's decision even if we dismiss the case for different reasons. *See Cigna Prop. & Cas. Ins. Co. v. Polaris Pictures Corp.*, 159 F.3d 412, 418 (9th Cir.1998).

penditure is not decreased."). Because the State has broad discretion in distributing supplemental payments, there would be innumerable potential alternative distribution programs if the present one were found invalid. It is purely speculative, and certainly not a likelihood, that invalidation of the present program would result in increased benefits to Ebert and his class. In these circumstances, the plaintiffs lack standing. *See Lujan*, 504 U.S. at 561, 112 S.Ct. 2130 (stating that "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision") (internal quotations omitted).

The judgment of the district court in all respects is **AFFIRMED.**