**GENERAL SIGNAL CORPORATION, Plaintiff-Appellee,**

v.

**DONALLCO, INC., Defendant-Appellant.**

**Nos. 84–6600, 84–6603.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 1985.

Decided April 24, 1986.

James B. Swire, Kevin B. Simmons, Christopher C. Larkin, Townley & Updike, New York City, for plaintiff-appellee.

Scott E. Wood, Rory M. Hernandez, Robert Forgnone, Gibson, Dunn & Crutcher, Los Angeles, Cal., for defendant-appellant.

Before WALLACE, HUG, and HALL, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Donallco, Inc. appeals from rulings of the district court finding Donallco in contempt of a previous consent judgment, imposing a fine of $400,000 payable to General Signal Corporation upon future violation of the consent judgment, and awarding General Signal attorney's fees and expenses spent in pursuing the contempt award. We affirm the finding of contempt, vacate the other findings of the district court, and remand for further proceedings consistent with this decision.

## BACKGROUND

General Signal manufactures and sells commercial and military aircraft parts, including hydraulic pumps, through its New York Air Brake division. Donallco manufactures and distributes aircraft parts, and operates a Federal Aviation Administration (FAA) certified repair station for aircraft parts. As part of its repair business Donallco overhauls surplus New York Air Brake pumps and component parts, and sells the rebuilt pumps and parts.

General Signal filed a complaint against Donallco for trademark infringement and various state law torts alleging that Donallco's repair procedures misrepresented the quality and origin of the items that Donallco was overhauling. Pursuant to a consent judgment entered on May 5, 1982, General Signal dismissed its claims and Donallco agreed to change its procedures to ensure that General Signal products were correctly represented. Included in the procedural changes required of Donallco are labeling requirements for New York Air Brake pumps and parts, specifically a requirement that Donallco not represent that rebuilt devices are FAA certified absent a reasonable belief that this is true. The consent judgment also prohibits Donallco from representing that New York Air Brake parts sold by Donallco or used by Donallco in overhauling devices are "factory new" or "factory fresh" unless those parts have been purchased directly from General Signal or its distributors.

General Signal brought the current contempt litigation alleging that a rebuilt New York Air Brake hydraulic pump sold to Aviation Methods, Inc., and component parts sold to Aviation Methods and Field Aviation Accessories Ltd. (Field Aviation) violated the consent judgment. General Signal claims that the pump sold to Aviation Methods contained chrome plating in violation of FAA standards but was represented as meeting FAA standards, and that the parts in both sales were represented as "new and unused" although some of the parts sold were used. Donallco, through affidavits submitted by certain employees, explains that the pump with the chrome plated piston was mistakenly labeled as meeting FAA standards because of an error in inspecting the pistons when the pump was rebuilt, and that it has implemented further inspection measures [1] to prevent such a mistake from occurring in the future. The affidavits also assert that the parts which were sold to Aviation Methods and Field Aviation as "new and

---

1. Donallco now subjects all pistons in pumps which it is rebuilding to copper sulfate tests which reveal the presence of chrome plating.

unused" were purchased at a government auction of unused surplus parts, implying that if the parts were used it was an error in the labeling of the parts by the government which Donallco mistakenly passed on to its customers.

The district court found Donallco in contempt of the consent judgment, and ordered the following:

> Plaintiff shall have and recover the sum of FOUR HUNDRED THOUSAND DOLLARS ($400,000) payable to plaintiff, payment of which is stayed until the determination that any further violation of the Final Judgment by Consent and Stipulation by this Court on May 5, 1982, has occurred.

Subsequently the district court awarded General Signal $37,217.50 in attorney's fees and $4,516 in expenses for pursuing the contempt award. We have jurisdiction over Donallco's timely appeal of these orders. 28 U.S.C. § 1291.

## DISCUSSION

### I. THE CONTEMPT FINDING

 We review the district court's determination of contempt for an abuse of discretion.[2] *Gifford v. Heckler,* 741 F.2d 263, 266 (9th Cir.1984). We find no abuse of discretion.

 Civil contempt occurs when a party fails to comply with a court order. *See Perry v. O'Donnell,* 759 F.2d 702, 705 (9th Cir.1985); *Vertex Distributing v. Falcon Foam Plastics, Inc.,* 689 F.2d 885, 891 (9th Cir.1982). Failure to comply need not be intentional. *McComb v. Jacksonville Paper Co.,* 336 U.S. 187, 191, 69 S.Ct. 497, 499, 93 L.Ed. 599 (1949); *Perry,* 759 F.2d at 705. Donallco argues correctly, however, that substantial compliance with a court order is a defense to an action for civil contempt. *Vertex Distributing,* 689 F.2d at 891–92; *United States Steel Corp. v. United Mine Workers, District 20,* 598 F.2d 363, 368 (5th Cir.1979); *Washington*

*Metropolitan Area Transit Authority v. Amalgamated Transit Union, Local 689,* 531 F.2d 617, 621 (D.C.Cir.1976). If a violating party has taken "all reasonable steps" to comply with the court order, technical or inadvertant violations of the order will not support a finding of civil contempt. *Vertex Distributing,* 689 F.2d 891–92. *See also Shuffler v. Heritage Bank,* 720 F.2d 1141, 1146–47 (9th Cir.1983); *Sekaquaptewa v. MacDonald,* 544 F.2d 396, 406 (9th Cir.1976), *cert. denied,* 430 U.S. 931, 97 S.Ct. 1550, 51 L.Ed.2d 774 (1977).

 The district court did not abuse its discretion in finding Donallco in contempt. The record demonstrates that Donallco violated the consent judgment, and that Donallco did not take all reasonable steps to prevent the violations. Donallco was well aware that FAA standards prohibit the use of chrome plated pistons in hydraulic pumps because they create a risk of pump failure. Certain hydraulic pumps rebuilt by Donallco were recalled by the FAA in 1976 because of the use of chrome plated pistons, and the piston problem was an issue between General Signal and Donallco before the consent judgment was entered. Yet Donallco did not initiate copper sulfate testing of pistons for all rebuilt pumps until after the non-conforming pump was sold to Aviation Methods.

The sales of used parts to Aviation Methods and Field Aviation as "new and unused" parts also demonstrates Donallco's failure to take all reasonable steps to ensure compliance with the consent judgment. Even if this error was the result of a mistake in labeling at the government surplus sale as Donallco claims, reasonable inspection should· have revealed that Donallco was misrepresenting the quality of the parts it was selling.

### II. THE CONTEMPT SANCTION

 We review the district court's determination to impose sanctions for civil contempt for an abuse of discretion. *Gif-*

---

**2.** When, as in this case, the district court has adopted the findings of the prevailing party verbatim we review the findings with special scruti-

ny. *Sealy, Inc. v. Easy Living, Inc.,* 743 F.2d 1378, 1385 n. 3 (9th Cir.1984).

*ford,* 741 F.2d at 266. Sanctions for civil contempt may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both. *United States v. United Mine Workers,* 330 U.S. 258, 303–04, 67 S.Ct. 677, 701, 91 L.Ed. 884 (1947) (*"United Mine Workers"*); *Shuffler,* 720 F.2d at 1147. *See generally,* II C. Wright & A. Miller *Federal Practice and Procedure* § 2960 at 584 (1973). It is unclear whether the district court intended the $400,000 suspended sanction to be compensatory or coercive. We vacate the sanction imposed by the district court because we find the record insufficient to support the sanction imposed by the district court under either theory.

Compensatory awards are limited to "actual losses *sustained as a result of the contumacy."* *Shuffler,* 720 F.2d at 1148 (emphasis added). *See also United Mine Workers,* 330 U.S. at 304, 67 S.Ct. at 701 (compensatory fine must "be based upon evidence of complainant's actual loss"). There is nothing in the record to indicate that General Signal lost $400,000 as a result of the violation of the consent order. General Signal argues that it should be compensated for the $195,000 in attorney's fees expended in attaining the consent judgment as part of the civil contempt award. This is not possible under *Shuffler* because these fees were not caused by Donallco's violation of the consent judgment.

On the record before us the $400,-000 suspended sanction cannot be justified as a coercive sanction either. If the fine, or any portion of the fine, is coercive, it should be payable to the court, not General Signal. *See Winner Corp. v. H.A. Caesar & Co.,* 511 F.2d 1010, 1015 (6th Cir.1975) (purpose of limiting prevailing party to actual losses in civil contempt actions would be defeated by allowing prevailing party to collect coercive civil contempt fine); *Woods v. O'Brien,* 78 F.Supp. 221, 222–23 (D.Mass.1948) (compensatory portion of contempt award payable to complainant,

coercive portion payable to the United States if defendant failed to comply with court order within 30 days). *Cf. United Mine Workers,* 330 U.S. at 304, 67 S.Ct. at 701 (noting that compensatory contempt award is payable to complainant and, by contrast, implying that coercive fine is not payable to complainant); *Falstaff Brewing Corp. v. Miller Brewing Co.,* 702 F.2d 770, 779 (9th Cir.1983) (same). Moreover, in determining how large a coercive sanction should be the court should consider the "character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction." *United Mine Workers,* 330 U.S. at 304, 67 S.Ct. at 701 (1947) (cited in *Shuffler,* 720 F.2d at 1148). The record does not demonstrate the district court's consideration of these factors.

On remand the district court should clarify whether the suspended sanction is intended to be compensatory or coercive. If compensatory, the award should be payable to General Signal and based on evidence of General Signal's actual losses. If coercive, the award should be payable to the court, and the amount of the award should be determined under the *United Mine Workers* standard. If the award is both compensatory and coercive the district court should specify the amount awarded under each theory based on the above standards and split payment of the award between General Signal and the court accordingly.

## III. ATTORNEY'S FEES

We review the amount of attorney's fees awarded by the district court for an abuse of discretion. *Sealy,* 743 F.2d at 1384. We conclude that the record is insufficient to support the amount of fees and costs awarded to General Signal.

We have previously suggested twelve factors which should be considered by the district court in awarding attorney's fees. *Kerr v. Screen Extras Guild,* 526 F.2d 67, 70 (9th Cir.1975), *cert. denied,* 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976). The record is void of any indication

that the district court properly evaluated these factors. On remand the district court should conduct a more detailed inquiry into the appropriateness of the fees requested in light of the *Kerr* factors. *See Sealy,* 743 F.2d at 1385.

## CONCLUSION

The district court's finding of civil contempt is AFFIRMED. In all other respects the decision of the district court is VACATED and REMANDED for further consideration consistent with this decision. Each side shall bear its own costs on appeal.