UNITED STATES of America and R. Michael Williamson, Revenue Agent, Internal Revenue Service, Petitioners,

v.

Charles R. HEFTI and Marion Hefti, Respondents.

No. 87–1220C(6).

United States District Court, E.D. Missouri.

July 13, 1988.

Henry Fredericks, Asst. U.S. Atty., St. Louis, Mo., Robert Metcalfe, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for petitioners.

Charles R. Hefti, Marion Hefti, St. Louis, Mo., for respondents.

## MEMORANDUM

GUNN, District Judge.

This matter is before the Court on petitioners' motion to reduce fine to judgment and for issuance of a bench warrant and on respondents' motion to dismiss order to show cause re contempt. The Court held a hearing on July 1, 1988 to consider the merits of the parties' respective motions. After considering the evidence adduced at the hearing and the arguments advanced by the parties, the Court now grants petitioners' motion and denies respondents' motion.

On July 15, 1986, Revenue Agent R. Michael Williamson, one of the petitioners herein, issued summonses to respondents Charles R. Hefti and Marion Hefti ("Heftis") in connection with an Internal Revenue Service ("IRS") investigation into the Heftis' federal income tax liability for the taxable years ending December 31, 1983 and December 31, 1984. As the Heftis failed to comply with the summonses, petitioners filed petitions to enforce the summonses which were later consolidated into the present proceedings. On February 4, 1987, and after conducting a hearing on the issues, Magistrate Kingsland recommended that the summonses be enforced. On September 28, 1987, the Court adopted Magistrate Kingsland's recommendation and ordered the summonses enforced. Shortly thereafter, on November 3, 1987, the Court stayed enforcement of its order for fifteen days to afford the Heftis an opportunity to appeal. The Heftis appealed, and on January 13, 1988 the Eighth Circuit denied the Heftis' motion to stay the Court's September 28, 1987 order concluding that the Heftis had not shown any likelihood of success on appeal on the merits or any irreparable injury flowing from the immediate enforcement of the summonses.[1]

Petitioners thereupon filed a motion to hold the Heftis in contempt of court for failure to comply with the Court's September 28, 1987 order. After the Heftis responded, the Court on February 19, 1988 ordered the Heftis to produce for examination the documents and records described in the summonses on or before March 15, 1988 and advised them that if they did not comply with the Court's order they would be fined $500 a day for each day thereafter for noncompliance. The Heftis then filed a motion for relief from the Court's February 19, 1988 order. On March 3, 1988, the Court denied the motion and again ordered the Heftis to produce the relevant documents and records on or before March 15, 1988, again advising them that if they did not do so they would be fined $500 a day for each day thereafter that they failed to do so. On March 21, 1988, the Heftis filed a memorandum and affidavit with the Court noting that that they had complied with the Court's February 19, 1988 order by "producing for examination" the relevant documents and records described in the summonses.

Petitioners subsequently filed their motion to reduce fine to judgment and for issuance of a bench warrant as they contend the Heftis failed to comply with the Court's February 19, 1988 order. Specifically, they contend that on March 15, 1988 the Heftis appeared before the IRS and "showed" the requested documents and records, but did not permit the IRS to take

1. On April 20, 1988, the Eighth Circuit granted the Heftis' motion to dismiss their appeal. However, the Heftis have since moved the

Eighth Circuit to reinstate their appeal on the ground that they misunderstood the nature of their motion.

custody or possession of them for the purpose of examining and copying them. The Court thereafter scheduled a hearing on June 24, 1988 to consider petitioners' motion. By request of petitioners, the hearing was subsequently reset to July 1, 1988.

On July 1, 1988, the Court held a hearing to determine whether the Heftis complied with the Court's February 19, 1988 order.[2] The facts adduced at the hearing are uncontroverted. On March 15, 1988, the Heftis appeared at the offices of the IRS for the purpose of complying with the summonses issued in connection with the investigation into their 1983, 1984 and 1985 federal income tax returns.[3] During the course of their meetings, the Heftis displayed the documents and records described in the summonses to IRS agents. The Heftis asked the agents to examine and photocopy the materials in their presence but refused to turn them over to the agents. After approximately an hour of discussion, the Heftis left with all of the documents and records in their possession. They voluntarily agreed to meet with the agents at a later date, but notwithstanding subsequent requests from the agents for such a meeting, no meeting ever took place. The Heftis assert that at the time they left the meeting, they believed they had complied in good faith with the Court's February 19, 1988 order.

The summonses relating to the Heftis' 1985 federal income tax return are the subject of separate proceedings before Judge Filippine. Shortly after the Heftis' meet-

ing with the IRS on March 15, 1988, Judge Filippine held a hearing to determine whether the Heftis' actions at the meeting justified holding them in contempt of his prior order enforcing these summonses. In his Memorandum and Order of April 6, 1988, he held that the word "produce" contained in these summonses required the Heftis to "turn over" the relevant records and documents to the IRS. As the Heftis merely "presented" the records and documents to the IRS for its inspection, he concluded that the Heftis had not complied with his prior order enforcing the summonses. *See United States v. Marion Hefti,* 87 Misc. 253 (E.D.Mo. April 6, 1988); *United States v. Charles R. Hefti,* 87 Misc. 254 (E.D.Mo. April 6, 1988). Notwithstanding Judge Filippine's Memorandum and Order, the Heftis continue to refuse to turn over to the IRS the records and documents requested in the summonses at issue here, summonses which also require the Heftis to "produce" the records and documents.

■ In a civil contempt proceeding of this kind,[4] petitioners, as the moving party, bear the burden of showing by clear and convincing proof that the Heftis failed to comply with the Court's February 19, 1988 order. *See United States v. Darwin Construction Co.,* 679 F.Supp. 531, 534 (D.Mo. 1988) (citing *N.A. Sales Co. v. Chapman Industries Corp.,* 736 F.2d 854, 857 (2d Cir.1984)). The burden then shifts to the Heftis to raise a defense on an appropriate ground. *Id.* Here the Heftis assert that

**2.** At the hearing, the Heftis appeared *pro se* and were permitted to present testimony and evidence to prove that they complied with the Court's February 19, 1988 order. However, after the Heftis had presented four hours of largely cumulative and irrelevant evidence, and after the Court repeatedly admonished them to refrain from eliciting legal arguments from their witnesses, the Court terminated the hearing.

**3.** As described below, the summonses relating to the Heftis' 1985 federal income tax return are the subject of separate proceedings. *See United States v. Marion Hefti,* 87 Misc. 253 (E.D.Mo.); *United States v. Charles R. Hefti,* 87 Misc. 254 (E.D.Mo.).

**4.** In *Oil, Chemical & Atomic Workers Int'l Union, AFL–CIO v. NLRB,* 547 F.2d 575, 581 (D.C.

Cir.), *cert. denied sub nom. Angle v. NLRB,* 431 U.S. 966, 97 S.Ct. 2923, 53 L.Ed.2d 1062 (1977), the three-stage nature of the civil contempt process is described as follows: (1) issuance of an order, (2) issuance of a conditional order finding contempt and threatening to impose a specific penalty, and (3) "exaction of the threatened penalty if the purgation conditions are not fulfilled." On September 28, 1987, the Court issued its order enforcing the summonses. On February 19, 1988, the Court issued its order finding that the Heftis had failed to comply with its September 28, 1987 order and threatening to impose a penalty if the Heftis continued to do so after a date certain. Accordingly, this constitutes the third stage of the contempt process where the Court exacts a penalty upon a finding of failure to comply with its February 19, 1988 order.

they acted in good faith and in substantial compliance with the Court's February 19, 1988 order.[5]

■ Petitioners clearly met their burden of demonstrating the Heftis' noncompliance with the Court's February 19, 1988 order. First, and by virtue of Judge Filippine's memorandum and order of April 6, 1988, the Heftis are collaterally estopped from contending that their actions in the March 15, 1988 meeting with the IRS constitute compliance with the summonses and this Court's order enforcing the summonses. Second, and even if the Heftis are not collaterally estopped, petitioners have demonstrated that the word "produce" in the summonses requires the Heftis to turn over the requested records and documents to the IRS, and not merely to present them to the IRS for its inspection.

Under 26 U.S.C. § 7602, the government is authorized to obtain original records for verifying the accuracy of a taxpayer's tax return. In *United States v. Davey*, 543 F.2d 996, 1001 (2d Cir.1976), the court stated:

> Section 7602 does not speak on terms of duplicates, but of the records themselves—and for a good reason—where the accuracy of a taxpayer's return is being checked, the government is entitled to use the original records for purposes of verification rather than be forced to accept purported copies, which present the risk of tampering.... If the taxpayer wishes to protect itself against the risk that the tapes might be destroyed in whole or in part while in the government's possession, it may do so by making duplicates before complying with the summonses.

*See also United States v. Spezzano*, 559 F.Supp. 631, 633 (W.D.N.Y.1982) ("even assuming that the taxpayer has already sup-plied copies of all documents requested by the IRS, the government is nevertheless entitled to inspect the original documents, and such a request does not indicate bad faith"). It is thus clear that the Heftis' admitted refusal on March 15, 1988 to allow the IRS to take custody and possession of the original records and documents for the purpose of examining and copying them constitutes a violation of the summonses, and, hence, the Court's February 19, 1988 order.

■ However, the Court finds that the Heftis have met their burden of demonstrating that they substantially complied with the Court's February 19, 1988 order until they received notice of Judge Filippine's Memorandum and Order of April 6, 1988. To meet their burden the Heftis must show that they expended all reasonable efforts to comply with the Court's order. As stated by the Ninth Circuit, "[i]f a violating party has taken 'all reasonable steps' to comply with the court order, technical or inadvertent violations of the order will not support a finding of civil contempt." *General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir.1986). *See United States v. Darwin Construction Co.*, 679 F.Supp. 531, 536 (D.Md.1988) (and cases cited therein).

At the time of the March 15, 1988 meeting with the IRS, the Heftis' presentation of the records and documents for inspection, albeit refusal to relinquish custody and possession of them, could reasonably be construed as a technical or inadvertent violation of the Court's February 19, 1988 order. Nevertheless, when Judge Filippine issued his memorandum and order, the Heftis were on notice that compliance with the summonses at issue here and this Court's enforcing order required them to turn over the original materials to the IRS. Rather than attempt to do so, the Heftis

---

5. The Heftis do not argue that the imposition of a $500 per day fine is either unreasonable or arbitrary. Such a coercive fine is discretionary with the Court. *Perfect Fit Industries v. Acme Quilting Co.*, 673 F.2d 53, 57–58 (2d Cir.), *cert. denied*, 459 U.S. 832, 103 S.Ct. 73, 74 L.Ed.2d 71 (1982). Based on the Heftis' previous reluctance to obey the Court's orders, the evident financial means of the Heftis to pay such a fine as demonstrated by its ability to obtain an irrevocable letter of credit in excess of $130,000 within weeks of the July 1, 1988 hearing, a copy of which letter is attached as Exhibit 7 to the Heftis' motion to dismiss order to show cause re contempt, and the injury to justice which further noncompliance would invite, the Court finds that the $500 per day fine is neither unreasonable nor arbitrary.

have acknowledged that they did nothing. Accordingly, the Court finds that the Heftis did not substantially comply with the Court's February 19, 1988 order after they received notice of Judge Filippine's memorandum and order.[6]

Based on the foregoing, the Court finds that the Heftis have been in contempt of the Court's February 19, 1988 order from the date they received Judge Filippine's memorandum and order until the date of the hearing on petitioners' motion. The $500 per day penalty, in accordance with Fed.R.Civ.P. 6(e), will be deemed to accrue three days after Judge Filippine entered his memorandum and order and sent a copy of it to the Heftis. As it would be unfair to penalize the Heftis as a result of the petitioners' continuance of the original hearing date, the penalty will be deemed to end as of the day of the first hearing date. The $500 per day penalty will thus be calculated from April 9, 1988 to June 24, 1988. So calculated the total amount of the penalty is $38,000. Moreover, and as a result of the Heftis' persistent defiance of this Court's orders, the Heftis will be required to pay the total amount of the penalty into the Registry of the Court and to fully comply with the summonses within ten (10) days of this date. The Heftis' failure to satisfy these conditions on the date specified shall result in the immediate issuance of a bench warrant for their arrest. The Heftis shall thereafter be incarcerated until such time as they comply with these conditions.

### ORDER

In accordance with the memorandum filed herein on this date,

IT IS HEREBY ORDERED that petitioners' motion to reduce fine to judgment and for issuance of a bench warrant be and it is granted.

IT IS FURTHER ORDERED that respondents' motion to dismiss order to show cause re contempt be and it is denied.

IT IS FURTHER ORDERED that respondents be and they are in civil contempt of this Court from April 9, 1988 until June 24, 1988.

IT IS FURTHER ORDERED that, pursuant to this Court's Order of February 19, 1988, respondents be and they are directed to pay into the Registry of the Court the sum of Thirty–Eight Thousand Dollars ($38,000.00) within ten (10) days from the date of this Order.

IT IS FURTHER ORDERED that, pursuant to this Court's Order of February 19, 1988, respondents be and they are directed to obey the summonses issued on July 15, 1986 and relating to the taxable years ending December 31, 1983 and December 31, 1984 within ten (10) days from the date of this Order. Said compliance shall consist of producing for examination the items described in the summonses by turning over to the Internal Revenue Service the relevant ledgers, journals, summaries, books of entry, and other records.

IT IS FURTHER ORDERED that a bench warrant shall issue for respondents' arrest if respondents fail to both pay the aforementioned sum and obey the aforementioned summonses within the date specified herein. Respondents shall be apprehended and shall remain incarcerated until such time as they pay the aforementioned sum and obey the aforementioned summonses.

---

**6.** The Eighth Circuit has not considered whether good faith constitutes a defense to a civil contempt proceeding, and there is a split of authority among the other circuit courts of appeals as to whether it does constitute a defense. *Compare Donovan v. Enterprise Foundry, Inc.,* 751 F.2d 30, 38 (1st Cir.1984) (good faith is not a defense to civil contempt) *with Consolidation Coal Co. v. Local 1702, United Mine Workers of America,* 683 F.2d 827, 832 (4th Cir.1982) (good faith is a defense to civil contempt in a labor dispute back-to-work order). However, as the Court finds that the Heftis substantially complied with the Court's February 19, 1988 order, it is unnecessary to resolve the issue, since it cannot be said that the Heftis acted in good faith after they received Judge Filippine's ruling.