In re CHASE & SANBORN CORPORA-
TION, f/k/a General Coffee
Corp., Debtor.

GRANFINANCIERA, S.A. and Medex,
Ltda, Plaintiffs–Appellants,

v.

Paul C. NORDBERG, as Creditor, Trustee
for the Estate of Chase & Sanborn Cor-
poration, f/k/a General Coffee Corp.,
Defendant–Appellee.

No. 88–5382.

United States Court of Appeals,
Eleventh Circuit.

May 9, 1989.

Adam Lawrence, Lawrence & Daniels, Miami, Fla., for plaintiffs-appellants.

Ron Weil, Weil, Lucio, Mandler, & Croland, Saturnino E. Lucio, II, Miami, Fla., for defendant-appellee.

Before VANCE and COX, Circuit Judges, and DYER, Senior Circuit Judge.

DYER, Senior Circuit Judge:

## GRANFINANCIERA

Defendants Granfinanciera, S.A. and Medex, Ltda., both Colombian corporations, appeal an order of sanctions imposed on them by the bankruptcy court, and affirmed by the district court, for their refusal to comply with the bankruptcy court's orders requiring discovery to aid execution of a judgment obtained by the bankruptcy trustee. Defendants argue that sanctions were inappropriate because prohibitions of Colombia law made it impossible to comply with the orders. They further contend that the type and amount of the sanctions is not supported by the record. While we conclude that the bankruptcy court did not abuse its discretion in finding that sanctions were appropriate, because we cannot determine what factors the trial judge considered in imposing the amount of the sanctions, or whether the sanctions were in-

tended to be coercive or compensatory or both, we vacate the sanctions and remand the cause for the entry of findings concerning the purpose for the sanctions and a redetermination of the amount to be imposed based on that purpose.

In 1983 Chase & Sanborn Corporation filed a Chapter 11 petition in the bankruptcy court. In 1985 Paul Nordberg, as trustee for the debtor sued the defendants to set aside and recover certain preferential fraudulent transfers made to them by Chase & Sanborn prior to bankruptcy. Judgment was entered on April 16, 1982, in favor of the trustee and against the defendants, Granfinanciera and Medex, in the amount of $1.5 million and $180,000.00 respectively. These judgments were affirmed by the district court and this court. *In re Chase & Sanborn Corp.*, 835 F.2d 1341 (11th Cir.1988).[1] While the appeal to this court was pending, the trustee served requests to produce and interrogatories on the defendants to aid execution of the judgments. The trustee's discovery sought identification of bank accounts, real property, corporate securities, accounts receivable, and various types of vehicles, inventory and equipment owned by the defendants. The defendants moved for a protective order asserting that Colombian law prohibited the disclosure of the requested information. The bankruptcy court denied the motion, and, after discovery was not provided, the trustee moved for sanctions under Bankr.R. 7037.[2]

Defendants opposed the trustee's motion for sanctions and offered an affidavit of Granfinanciera's Colombian counsel which stated that the Colombian constitution prohibited, and the law criminalized, the release of information from the books and records of Colombian mercantile banking companies. They further requested an evidentiary hearing before the court imposed sanctions. At the hearing on the trustee's

---

1. On June 13, 1988, the Supreme Court granted certiorari on the issue of defendants' Seventh Amendment right to trial by jury in a fraudulent transfer case. *Granfinanciera, S.A. v. Nordberg,* — U.S. ——, 108 S.Ct. 2818, 100 L.Ed.2d 920 (1988).

2. Bankr. R. 7037 extends the discovery sanctions of Federal Rule of Civil Procedure 37 to bankruptcy proceedings.

motion for sanctions, the trustee offered no evidence of losses he may have suffered, or would suffer in the future, as a result of the defendants' contumacy. The bankruptcy judge, after allowing the defendants three days to provide the discovery to the trustee, held that if it was not forthcoming, the defendants were ordered to pay to the trustee the sum of $1,000.00 per day until such time as the required responses were delivered. The order further stated that "... the sanction of $1,000.00 a day is reasonable and justified under the circumstances and in accordance with the monetary amount of the final judgment in this case." Defendants appealed this order, and the order denying their motion for a protective order to the district court. The district court affirmed the bankruptcy court's denial of defendants' motion for a protective order, and affirmed the imposition of the $1,000.00 per day sanction. The court found that before the sanction was imposed the defendants received fair notice and an opportunity to be heard, and that the defendants had not adequately proved that Colombian law prohibited disclosure. The court further found that "the sanction imposed appears to have been reasonably calculated to deter noncompliance and partly to compensate the trustee for the added expense of the abusive conduct."

The issues presented to this court on appeal are: (1) whether there was fair notice and an adequate hearing concerning the defendants' good faith conduct in light of Colombian law, and (2) whether the sanctions imposed can be legally justified in the circumstances of this case.

## SUFFICIENCY OF THE NOTICE AND ADEQUACY OF THE HEARING

 The defendants contend that there were insufficient notices and an inadequate hearing on their defense of good faith because compliance with the requested discovery order was impossible under the prohibitions of Colombia law. They argue that the issue to be determined is not the ultimate validity of defendant's claim of impossibility under Colombia law, but rather whether under the colorable claim

presented, there was a lack of judicial attention paid to their threshold question, and a lack of understanding to rule intelligently on the defendants' ability to comply with the order compelling discovery. We disagree.

On December 24, 1986, the defendants moved for a protective order raising the alleged prohibitions of Colombian law. A hearing on this motion was held January 12, 1987, at which time the defendants were given full opportunity to present their defense. On January 15, 1987, the court entered its order compelling discovery. On January 30, 1987, the trustee moved to enter sanctions. On February 9, 1987, a hearing on the motion for sanctions was held. The same Colombian law issue was presented as was argued during the January 12, 1987 hearing for a protective order. In sum, the defendants presented the same arguments on Colombian law in their motion for a protective order, in their written objections to sanctions, and at the sanctions hearing. In essence their position was that they had advice from their Colombian lawyer that the secrecy laws prevented them from divulging the information sought by plaintiff until a court in Colombia decreed that the information could be produced. An affidavit of Colombian counsel was offered to support their representations. Verbatim transcripts of the Colombian statements and constitutional provisions relied on by defendants were not provided to the bankruptcy court, but copies were made a part of the record on appeal to the district court.

The bankruptcy court on two occasions heard and rejected defendants' arguments and presentation regarding the impact of the alleged Colombian blocking laws. In these circumstances, the defendants had fair notice and opportunity to present their defense. *First Maryland Leasecorp. v. M/V Golden Egret,* 764 F.2d 749 (11th Cir.1985).

The district court, in affirming, also observed that the previous ability of defendants to voluntarily produce copies of their extensive bank records and accounts of the defendants and their customers, substanti-

ated the conclusion that Colombian law presented no obstacle to the defendants' ability to comply with plaintiff's requested discovery.

In our review, in considering an appeal of sanctions under Rule 37, we are "sharply limited to a search for abuse of discretion and a determination that the findings of the trial court are 'fully supported by the record.' *Carlucci v. Piper Aircraft Corp., Inc.*, 775 F.2d 1440, 1447 (11th Cir. 1985) (quoting *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976) (per curiam)). Thus, the district court has 'broad, although not unbridled, discretion in imposing sanctions' under Rule 37. *Dorey v. Dorey*, 609 F.2d 1128, 1135 (5th Cir.1980). This is especially true when the imposition of monetary sanctions are involved. *Id.*" *Pesaplastic, C.A. v. Cincinnati Milacron Co.*, 799 F.2d 1510, 1519 (11th Cir.1986) (footnotes omitted).

 The trustee made a prima facie showing that defendants violated the court's order for discovery. It was then incumbent on defendants to defend their failure to do so on the grounds that they were unable to comply. "To succeed on this defense, however, the respondent must go beyond a mere assertion of inability and satisfy his burden of production on the point by introducing evidence in support of his claim." *United States v. Hayes*, 722 F.2d 723, 725 (11th Cir.1984). The defendants failed to do so. They did not make "all reasonable" efforts to comply with the court's order. *United States v. Rizzo*, 539 F.2d 458, 465 (5th Cir.1976). Neither of the courts below found, nor do we find that the conclusory statements in the affidavit of defendants' Colombian counsel proffered by defendants sufficiently showed an impossibility to comply with the discovery orders. Furthermore, defendants made no effort to obtain a waiver of the Colombian laws to produce discovery, if such a waiver was indeed necessary. *See Laker Airways, Ltd. v. Pan American World Airways, et al.*, 103 F.R.D. 42 (D.D.C.1984). We find no support in the record, except defendants' counsels' representation, that

only the judgment creditor, and not the defendants, could apply for a waiver.

We find no abuse of discretion in the court's imposition of sanctions against the defendants for their contumacious conduct in failing to obey the bankruptcy court's order for discovery.

## THE SANCTIONS IMPOSED

 Having found that the defendants failed to obey the bankruptcy court's order for discovery, the court imposed sanctions which required defendants to pay to the trustee $1,000.00 per day until the ordered discovery was produced. The court found that "the sanction of $1,000.00 per day is reasonable and justified in the circumstance and in accordance with the monetary amount of the final judgment [$1,500,-000] in this case." The district court affirmed, holding that "the sanction appears to have been reasonably calculated to deter non-compliance and partly to compensate the trustee for the added expense of the defendants' abusive conduct."

The defendants challenge the imposition of the $1,000.00 per day sanction made payable to the trustee on three grounds. First, it is impossible to determine whether the fine is meant to be coercive, compensatory, or a hybrid of both. Second, no evidentiary predicate has been shown to support the imposition of a fine of $1,000.00 per day. Third, there is no proof that the trustee suffered an actual loss which would support a fine payable to the trustee. The trustee's response is, to say the least, unclear. He contends that his actual loss is the "ultimate loss" suffered by the trustee if, after having gone through the trouble and expense of obtaining a judgment, he cannot obtain post judgment discovery to locate assets of the defendants to assist him in satisfying the judgment. He further argues that he is entitled, as a matter of compensation, to the amount of the sanctions awarded. We find the trustee's position untenable. It does not answer the challenges of defendants, and is unfounded in the law.

Civil contempt sanctions may be imposed for either or both of two distinct purposes, to coerce compliance with a court order, and to compensate the complainant for ac-

tual losses sustained by him as the result of the defendants' contumacy. *United States v. United Marine Workers of Am.*, 330 U.S. 258, 303–04, 67 S.Ct. 677, 701–02, 91 L.Ed. 884 (1947). If the fine is compensatory, it is payable to the complainant and must be based on proof of the complainant's actual loss. *Id. Accord In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1366 (9th Cir.1987); *First Maryland Leasecorp. v. M/V Golden Egret*, 764 F.2d 749, 759 (11th Cir.1985). If the fine is coercive it is paid into the court registry, not to the complainant. In this instance the court "must consider the character and magnitude of the harm threatened by the continued contumacy, and the probable effectiveness of any suggested sanction bringing about the result desired." (footnote omitted). *United Mine Workers of Am.*, 330 U.S. at 304, 67 S.Ct. at 701. *See General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir.1986); *In re Dinnan*, 625 F.2d 1146, 1149 (5th Cir. "B", 1980); *Letrobe Steel Co. v. United Steelworkers of Am., AFL–CFO*, 545 F.2d 1336, 1346 (3rd Cir.1976).

The trustee offered no evidence to show any actual loss resulting from defendants' contumacy, yet the fine was made payable to him. If, as the trustee implicitly argues, the sanction allowed him to collect through a contempt fine the amount of the judgment against the defendants, it cannot be upheld. A contempt fine cannot be used to collect a money judgment. *See, Combs v. Ryan's Coal Co., Inc.*, 785 F.2d 970, 980 (11th Cir.1986). Moreover, no evidence or explanation, other than the amount of the final judgment, exists to demonstrate why a daily fine of $1,000.00 was imposed. The trustee had the burden of proof to provide the court with the basic evidentiary facts to formulate a realistic sanction to which the defendants could respond. *See National Drying Machinery Co. v. Ackoff*, 245 F.2d 192 (3d Cir.), *cert. denied*, 355 U.S. 832, 78 S.Ct. 47, 2 L.Ed.2d 44 (1957); *Compare Pesaplastic C.A. v. Cincinnati Milacron Co.*, 799 F.2d 1522.

Since we cannot determine what factors the court considered in imposing the sanction, it must be vacated and the matter remanded to the trial judge to clarify whether the sanction is intended to be compensatory or coercive. If compensatory, the award should be payable to the trustee based on evidence of the trustee's actual losses. If coercive, the amount of the award should be determined under the *United Mine Workers* standard. If the award is both compensatory and coercive, the court should specify the amount awarded under each theory based on the above standards and split payment of the award between the trustee and the court accordingly. *General Signal*, 787 F.2d at 1380, 1386. We note that the $1,000.00 per day fine was imposed against Granfinanciers and Medex jointly. The defendants were not found jointly liable on the underlying judgments. The trustee recovered $1.5 million dollars against the former and $180,000 dollars against the latter. The award against each defendant should be separately stated.

We affirm the order entered by the bankruptcy court and affirmed by the district court that sanctions should be imposed. We vacate the order imposing a fine of $1,000.00 per day payable to the trustee.

AFFIRMED in part, VACATED in part and REMANDED for further proceedings in accordance with this opinion.