935 F.2d 280
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
ZIP DEE, INC. and Nu-Zip Dee Mfg., Inc., Plaintiffs-Appellants,
v.
A & E SYSTEMS, INC. (Now by Change-of-Name, LHG
Corporation), Defendant-Appellee,
and
the Dometic Corporation (Successor In Interest to A & E
Systems, Inc.), Defendant/Cross-Appellant.
 Nos. 90-1519, 91-1010.
 United States Court of Appeals, Federal Circuit.
 May 17, 1991.
 
 Before RICH, ARCHER and LOURIE, Circuit Judges.
 DECISION
 RICH, Circuit Judge.
 
 
 1
 Zip Dee, Inc. and Nu-Zip Dee Mfg., Inc. (collectively Zip Dee) appeal and The Dometic Corporation (Dometic) cross-appeals from the Order Re: Contempt entered August 10, 1990 by the United States District Court for the Central District of California, Case No. CV 86-1659-LEW. We vacate the district court's assessment of a $50,000 fine against Dometic, and remand for further consideration consistent with this opinion. We affirm the district court's decision in all other respects.
 
 OPINION
 
 2
 Without stating any reason therefor, the district court ordered A & E Systems, Inc. (A & E) and Dometic (collectively defendants) to pay $50,000 to Zip Dee for violation of paragraph (b) of the Injunction entered April 20, 1988. In its opening brief to this court, Dometic asserts that Zip Dee did not provide the district court with any evidence of damage based on defendants' use of post-injunction advertising. Zip Dee responds that the $50,000 fine was well within the district court's discretion, and represents "only a fraction of [its] costs and fees ...," but fails to cite any evidence of record that would support its assertion.
 
 
 3
 In reviewing a district court's imposition of civil contempt sanctions, we apply the law of the regional circuit, here the Ninth. See Graves v. Kemsco Group, Inc., 864 F.2d 754, 755 (Fed.Cir.1988). Such sanctions may be imposed in the Ninth Circuit either to compensate the contemnor's adversary for injuries resulting from the contempt, and/or to coerce obedience to a court order. General Signal Corp. v. Donallco, Inc., 787 F.2d 1376, 1380 (9th Cir.1986); Shuffler v. Heritage Bank, 720 F.2d 1141, 1147 (9th Cir.1983). Compensatory fines must be limited to actual losses sustained as a result of the contumacy. In re Crystal Palace Gambling Hall, Inc., 817 F.2d 1361, 1366-67 (9th Cir.1987) (citing United States v. United Mine Workers of America, 330 U.S. 258, 304 (1947)); General Signal, 787 F.2d at 1380; Shuffler, 720 F.2d at 1148. Coercive fines should be made payable to the district court, not to the prevailing party, and their amount is to be determined by considering the " 'character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction.' " General Signal, 787 F.2d at 1380 (quoting United Mine Workers, 330 U.S. at 304).
 
 
 4
 Nothing in the record before us indicates that Zip Dee actually suffered a loss of $50,000 as a result of defendants' violation of the injunction. Therefore, to the extent the district court intended that it be compensatory, the fine assessed against defendants cannot be sustained. See id; Shuffler, 720 F.2d at 1148. Nor does the district court's Order indicate that the fine was intended to be coercive.
 
 
 5
 On remand, the district court should clarify whether it intends the fine to be compensatory or coercive in nature. If compensatory, the amount of the fine should be reconsidered in light of the requirement that such amount must be based on evidence of Zip Dee's actual loss, if any. If coercive, the fine should be made payable to the district court instead of to Zip Dee, and the amount determined in accordance with the United Mine Workers standard. See General Signal, 787 F.2d at 1380. Whatever the legal decision, it should be supported by appropriate findings of fact.
 
 
 6
 We have considered the additional issues raised by the parties, but are not persuaded that the district court erred in its disposition thereof.
 
 COSTS
 
 7
 Each side to bear its own costs on appeal.