87 F.3d 1321
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
PRIME TICKET NETWORK, a California limited partnership
Plaintiff-Counter-Defendant-Appellee,
v.
BRITISH-AMERICAN COMMUNICATIONS, INC., a California
corporation Defendant-Counter-claimant-Appellant.
 No. 95-55784.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 4, 1996.*
Decided June 26, 1996.
 
 Before: FARRIS, FERNANDEZ, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 British-American Communications, Inc. (BAC), an independent cable service company which primarily services Los Angeles area apartments and condominiums, appeals the district court's order of civil contempt and order to pay damages plus attorney's fees for violating a permanent injunction which ordered BAC to refrain from intercepting and selling the satellite transmissions of the Prime Ticket sports television network. We affirm.
 
 1. The Contempt Award of Statutory Damages
 
 3
 On appeal BAC protests the award of statutory damages for the first time. Passing comments that the amounts requested were absurd and that Prime Ticket had no actual damages were insufficient to put the question of statutory damages in issue. We will not review issues not "raised below unless necessary to prevent manifest injustice." International Union of Bricklayers & Allied Craftsman Local Union No. 20 v. Martin Jaska, Inc., 752 F.2d 1401, 1404 (9th Cir.1985). That requires a showing by the proponent that exceptional circumstances existed which prevented the issue from being raised at the district court level. Id. BAC waived the right to challenge the district court's decision because it failed to challenge the court's computation of damages or its reliance upon the statutory damage formulae and it has not shown the existence of exceptional circumstances on appeal.
 
 2. Award of Attorney's Fees
 
 4
 BAC has also waived its argument that the district court awarded attorney's fees without considering the factors cited in Kerr v. Screen Extras Guild, 526 F.2d 67, 70 (9th Cir.1975), cert. denied, 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976). Again, it failed to raise the issue in its opposition papers before that court. See Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1482 (9th Cir.), cert. dismissed, 506 U.S. 948, 113 S.Ct. 454, 121 L.Ed.2d 325 (1992); Perry v. O'Donnell, 759 F.2d 702, 706 (9th Cir.1985).
 
 3. Violation of the Contempt Order
 
 5
 "Civil contempt occurs when a party fails to comply with a court order." General Signal Corp. v. Donallco, Inc., 787 F.2d 1376, 1379 (9th Cir.1986). The July 20, 1994 permanent injunction prevented BAC from "receiving, intercepting, descrambling, decoding, interfering with, exhibiting, transmitting or retransmitting any transmission of programming originated, distributed or transmitted by Prime Ticket without written authorization from Prime Ticket." (Emphasis added.)
 
 
 6
 BAC argues that its violation of the injunction was justified because Prime Ticket refused to do business with BAC. We will not review that argument, however, because BAC never appealed from the district court's injunctive order in the underlying litigation. In that litigation BAC's argument was rejected. Similarly, we will not review BAC's argument that it should not have been held in contempt because it substantially complied with the district court's order by paying a portion of the damages ordered in the underlying suit. BAC neither raised that argument before the district court nor submitted any evidence in support of it. See Export Group v. Reef Indus., Inc., 54 F.3d 1466, 1471 (9th Cir.1995); International Union, 752 F.2d at 1404.
 
 
 7
 BAC also insists that it substantially complied with the order by paying the billing statements Prime Ticket sent to BAC but that the court ignored that evidence. The evidence in this record does not support that contention. What it shows is that BAC flagrantly violated the injunction by continuing to misuse Prime Ticket's programs without any written (or even oral) agreement that it could do so. It is apparent that BAC was not authorized to violate the injunction, nor was it misled into doing so, nor did it follow the injunction's terms.
 
 
 8
 Furthermore, the district court properly rejected BAC's argument that Prime Ticket fraudulently induced BAC to enter into the settlement agreement by promising to sell its programming to BAC and then failing to do so. The agreement and additional evidence are to the contrary. Again, both the stipulation and the injunction are simple, direct documents; it is highly unlikely that BAC was confused about the specific terms. It simply proceeded on the theory that its own business needs permitted it to take what it could not buy.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3