103 F.3d 139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Melvin Eugene NISIUS, Plaintiff-Appellant,
v.
Samuel LEWIS; James P. McFadden; D. Granillo, Sergeant at
Arizona State Prison Complex-Eyman; Lu Funk, CPO II at SMU;
Tommy Clark, CSO at Arizona State Prison Complex-Eyman;
Sue Maberry, CSO at Arizona State Prison Complex-Eyman;
Duran, CSO at Arizona State Prison Complex-Eyman; Roger
Crist, Senior Warden at Arizona State Prison
Complex-Florence; James Upchurch, Complex Warden at Arizona
State Prison Complex-Florence; William Rhode, Deputy Warden
at Arizona State Prison Complex-Florence-Central Unit; Stan
W. Czerniak, Assistant Deputy Warden at Arizona State Prison
Complex-Florence-Central Unit; M. Errol Grant, Senior
Chaplain at Arizona State Prison Complex-Florence; W.A.
Haro, CPO II at Arizona State Prison
Complex-Florence-Central Unit, Defendants-Appellees.
 No. 96-15809.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1996.*
Decided Dec. 06, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Melvin Eugene Nisius, an Arizona state prisoner, appeals pro se the district court's summary judgment for defendants in his action alleging that defendants violated the mail regulations adopted as part of the consent decree in Hook v. Arizona, No. CIV-73-97-PHX-CAM (D.Ariz. Oct. 19, 1973) (order incorporating proposed mail regulations into consent decree). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992), and affirm.
 
 
 3
 * Background
 
 
 4
 On February 14, 1973, several inmates filed a complaint seeking declaratory and injunctive relief with respect to mail regulations in effect within the Arizona Department of Corrections. On October 19, 1973, the district court entered judgment on a consent decree which incorporated a new set of mail regulations.
 
 
 5
 These regulations included the following "holiday package" provision:
 
 
 6
 Residents at all adult correctional institutions, except while in the Diagnostic-Reception Centers, may recieve gift packages from those persons whose names appear on the resident's approved visiting list.... All Packages will be opened and inspected. Unauthorized packages and contraband contained in packages will be returned to the sender.
 
 
 7
 After unsuccessful negotiations to modify the terms of the consent decree, the district court ordered that the original consent decree would remain in effect for December 1993. In light of the district court's order, Samuel Lewis, Director of the Arizona Department of Corrections, issued an explanatory memorandum which stated that "[u]nauthorized packages and unacceptable items in packages will be returned to the sender" and that "pies, cereals, snack mixes, candies or pastries with fruit contents" were unacceptable items. The memorandum also stated that if a package contained an unauthorized item, the entire package would be returned to the sender.
 
 II
 Analysis
 
 8
 On September 6, 1994, Nisius filed a complaint alleging that defendants had violated the consent decree by returning packages in December 1992 and December 1993. In his complaint, Nisius alleged that in December 1992 members of the Seventh-Day Adventist Prison Ministry attempted to deliver a package to him and prison officials rejected the package. Nisius further alleged that his mother attempted to deliver a package in December 1993 and that the entire package was erroneously returned because it contained a single item which was contraband.[1]
 
 
 9
 Because we conclude that Nisius has failed to demonstrate that defendants violated the consent decree, we assume without deciding that the district court had jurisdiction. Here, the parties agree that neither the Seventh-Day Adventist Prison Ministry nor any of its individual members appeared on Nisius' visitation list. The parties also agree that the December 1993 package contained a loaf of banana bread which was a contraband item. Thus, we conclude that the evidence submitted by Nisius, construed in his favor, fails to establish that defendants violated the consent decree. See Go-Video, Inc. v. Motion Picture Ass'n of Am. (In re Dual-Deck Video Recorder Antitrust Litigation), 10 F.3d 693, 695 (9th Cir.1993); General Signal Corp. v. Donallco, Inc., 787 F.2d 1376, 1379 (9th Cir.1986).
 
 
 10
 Accordingly, the district court did not err by granting summary judgment for defendants.
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Insofar as Nisius contends that defendants' rejection of these packages violated his First, Eighth, and Fourteenth Amendment rights, his contention lacks merit. See Hook v. Arizona, 972 F.2d 1012, 1016 (9th Cir.1992)
 Insofar as Nisius contends that defendants' rejection of the package from the Seventh-Day Adventist Prison Ministry amounted to "religious discrimination," his contention lacks merit. Assuming that the senders of the package were mandated to do so by some tenet of their religion, Nisius cannot raise the claims of third parties. C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir.1987). Insofar as Nisius contends that his faith mandates the receipt of such packages, he submitted no evidence in the district court to support such an allegation. See Bryant v. Gomez, 46 F.3d 948, 949 (9th Cir.1995).
 
 
 [2]
 Insofar as Nisius argues in his opening brief that defendants violated the consent decree when they rejected a package sent by his step-mother in December 1994, we conclude that we have no jurisdiction to consider this claim because it was not raised before the district court. See International Union of Bricklayers & Allied Craftsman Local Union No. 20 v. Martin Jaska, Inc., 752 F.2d 1401, 1404 (9th Cir.1985)