NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 16 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAMELA D. EVANS, an individual, | No. 15-55453 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-07407-JFW-AGR |
| v. | |
| AFFILIATED COMPUTER SERVICES INC, a Delaware corporation, authorized to do business in the state of California; XEROX CORPORATION, a New York corporation, authorized to do business in the state of California, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted March 8, 2017**

Before:    LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Pamela D. Evans appeals pro se from the district court's judgment holding

Evans in contempt and dismissing her action for failure to comply with court-

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

ordered arbitration. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (failure to comply with court orders); *General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir. 1986) (determination of contempt). We affirm.

The district court did not abuse its discretion in granting defendants' motion for contempt where, on more than one occasion, Evans violated the district court's order to arbitrate her employment-based claims. *See General Signal Corp.*, 787 F.2d at 1379 ("Civil contempt occurs when a party fails to comply with a court order." (citation omitted)).

Contrary to Evans' contentions, the district court properly determined her claims should proceed to arbitration. *See* 9 U.S.C. § 4; *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (setting forth de novo standard of review and explaining that the Federal Arbitration Act "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in dismissing Evans' action on the basis of her "multiple bad faith violations" of the district court's order compelling arbitration. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642-43 (9th Cir.

2002) (setting forth the factors to consider before dismissing for failure to comply with a court order).

The district court did not abuse its discretion in denying Evans' motion for reconsideration where Evans failed to set forth any basis for relief. *See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (motions for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law" (citation omitted)).

We reject as unsupported by the record Evans' contentions that the district court violated her right to due process.

**AFFIRMED.**

15-55453