**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| CHRISTIE L. REED, | No. 19-56512 |
| Plaintiff, | D.C. No. 5:13-cv-00940-VAP-SP |
| and | |
| EVERETT CABRERA, | MEMORANDUM* |
| Defendant-cross-defendant-Appellant, | |
| v. | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | |
| Defendant-cross-claimant-Appellee, | |
| and | |
| EDWARD R. SEIDNER; et al., | |
| Defendants-cross-claimants. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted December 14, 2021[**]

Before:      WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

Everett Cabrera appeals pro se from the district court's post-judgment contempt order. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a district court's determination of contempt and imposition of civil contempt sanctions. *General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379-80 (9th Cir. 1986). We affirm.

The district court did not abuse its discretion in finding Cabrera in contempt because it found by clear and convincing evidence that Cabrera was in violation of its prior judgment. *See Parsons v. Ryan*, 949 F.3d 443, 454 (9th Cir. 2020) (contempt is available when the district court finds by clear and convincing evidence that a party violated a specific and definite order of the court).

We reject as meritless Cabrera's contention that the district court lacked jurisdiction to enforce its own judgment. *See Spallone v. United States*, 493 U.S. 265, 276 (1990) (explaining that federal courts have inherent power to enforce their own lawful orders through contempt); *United States v. FMC Corp.*, 531 F.3d 813, 819 (9th Cir. 2008) (a district court retains jurisdiction to enforce its judgments).

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

19-56512

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal or in the reply brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Appellee's motion to take judicial notice (Docket Entry No. 33) is denied.

**AFFIRMED.**