NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 28 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERNEST C. ALDRIDGE,<br><br>        Plaintiff - Appellant,<br><br>and<br><br>CLARENCE M. WILLIS,<br><br>        Plaintiff,<br><br>  v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION, EIN #52-0883107; ALDRIDGE PITE, LLP, 27-1372364; KRISTA J. NIELSON, Bar #10698; ANTHONY R. SASSI Esquire, Bar #12486; LAUREL I. HANDLEY, Bar #9576,<br><br>        Defendants - Appellees. | No. 23-3104<br><br>D.C. No. 3:23-cv-00379-MMD-EJY<br><br>MEMORANDUM[*] |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>        Plaintiff - Appellee,<br><br>  v.<br><br>CLARENCE M. WILLIS, | No. 23-3120<br><br>D.C. No. 2:15-cv-02366-MMD-EJY |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

and

ERNEST C. ALDRIDGE, CREATIVE
SOLUTIONS 4 U, LLC, JORGE M.
LUNA, IRENA DAMIANOVA, THOMAS
E. WILLIS, GERI L. MCKINNON,

Defendants.

Appeals from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted January 22, 2026[**]

Before:    WARDLAW, CLIFTON, and R. NELSON, Circuit Judges.

In these consolidated cases, Ernest C. Aldridge (Appeal No. 23-3104) and

Clarence M. Willis (Appeal No. 23-3120) appeal pro se from the district court's

post-judgment contempt order. We have jurisdiction under 28 U.S.C. § 1291. We

review for an abuse of discretion the imposition of civil contempt sanctions. *Gen.*

*Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir. 1986). We dismiss

Appeal No. 23-3104 and affirm in Appeal No. 23-3120.

**Appeal No. 23-3104**

Because Aldridge did not sign the opening brief or file a separate opening

brief by the due date, his appeal is dismissed. *See* 9th Cir. R. 42-1.

---

[**]    The panel unanimously concludes these cases are suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

**Appeal No. 23-3120**

The district court did not abuse its discretion in dismissing the 2023 action filed by Willis and Aldridge challenging the judgment entered on April 26, 2018, as a sanction for Willis and Aldridge's contempt of court. *See Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1088 (9th Cir. 2021) (under a court's inherent powers it "may, among other things, dismiss a case in its entirety").

Contrary to Willis's contentions, Fannie Mae had standing to assert its claims. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (setting forth the requirements for standing).

A prior panel of this court affirmed the district court's underlying judgment entered on April 26, 2018, and we will not reconsider that decision. *See Fed. Nat'l Mortg. Ass'n v. Willis*, 817 F. App'x 366, 367 (9th Cir. 2020); *S. Or. Barter Fair v. Jackson County*, 372 F.3d 1128, 1136 (9th Cir. 2004) ("The law of the case doctrine . . . precludes a court from reexamining an issue previously decided by the same court . . . .").

Aldridge's request for judicial notice (Docket Entry No. 26 in Appeal No. 23-3104; Docket Entry No. 25 in Appeal No. 23-3120) is denied as unnecessary.

**23-3104: DISMISSED.**

**23-3120: AFFIRMED.**